## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-KP-00286-SCT

*ISHMAEL STANLEY TEMPLE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/4/93 |
| TRIAL JUDGE: | HON. RICHARD WAYNE MCKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT S. FLYNN |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 3/14/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/4/96 |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. Ishmael Stanley Temple appeals the denial of his post-conviction relief motion to correct sentence. Temple pled guilty to robbery in the Circuit Court of Forrest County. The Judgment Order entered by the circuit court sentenced Temple to 15 years in the Mississippi Department of Corrections ("MDOC"). At the plea hearing, the judge stated, in addition to the 15-year sentence set out in the written order, that it would be the order of the court that Temple not be paroled inside the state of Mississippi or any other state where the victim is residing. Temple's motion to the correct the oral pronouncement imposing the banishment conditions was denied.

¶2. We hold that the written order is the final judgment and evidences Temple's proper sentence. The oral pronouncement of parole conditions is thus unenforceable. This ruling should not be construed as a violation of the specific parole conditions imposed by the trial court.

¶3. Temple's argument is based on *McCreary v. State,* 582 So.2d 425, 428 (Miss.1991), where we opined that banishment (from the state) served no rehabilitative purpose and implicates serious public policy concerns. Temple argues that it was error not to correct the oral judgment because this Court has expressed disfavor with banishment from a geographical area as part of the sentence.

¶4. The State argues that, despite *McCreary,* there is no appealable issue here. The judgment order says nothing about conditions of parole.

¶5. It is not necessary to address the propriety of the banishment conditions imposed on Temple. These conditions are unenforceable because they are not contained in the written judgment entered with the clerk, and if they were part of the judgment, this Court would be inclined to strike such conditions. In equity matters we have long held "that every decree is in the breast of the court until entered, and a decree has no validity until written out and signed by the chancellor." *Orr v. Myers,* 223 Miss. 856, 79 So.2d 277, 278 (1955) citing *V. Griffith's Mississippi Chancery Practice,* Section 621. Although previously a circuit judge could render a binding oral pronouncement, the Court later modified that rule and held that the "date of rendition of the judgment of the circuit court in term time, as well as in vacation, is the date when the judgment is signed by the judge and filed with the clerk for entry on the minutes...." *Banks v. Banks,* 511 So.2d 933, 934-35 (Miss.1987) (quoting *Jackson v. Schwartz,* 240 So.2d 60, 61-62 (Miss.1970)).

¶6. Based on these cases, we hold that in order for a sentence to be valid, a judgment must be entered as of record. This marks formal evidence of a judgment's rendition which is necessary for its execution or appeal. In Temple's case a formal judgment was entered sentencing him to fifteen years in the custody of the MDOC. This was the only pronouncement contained in the entered judgment, so Temple's sentence amounts to only fifteen years. The admonition to the parole board regarding banishment is at best advice to the board and is at worst surplusage in regards to the sentence. There is no need to correct the sentence, and the trial court's denial of Temple's post-conviction relief motion is hereby affirmed.

¶7. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and BANKS, McRAE and SMITH, JJ., concur. JAMES L. ROBERTS, Jr., and MILLS, JJ., concur in result only.**