WENTWORTH, Senior Judge.
We affirm the order of the trial court but remand so that the order placing Appellant on community control can be corrected to reflect the trial court’s oral pronouncements at sentencing. Specifically, this Court’s review of the record in this case reflects a slight discrepancy existing between the oral pronouncement at the October 22, 1992 hearing and the written order placing Appellant on community control. At the hearing, the court sentenced Appellant to 90 days of Community Control II, and two years of Community Control I (regular community control), with the balance of the sentence (up until April of 1995) to be spent on probation. In contrast, the written sentencing order contains no provisions on probation and states that Appellant will spend two years on community control, with the first 90 days to be spent on the Community Control II. A written sentencing or probation order must conform to the trial court’s oral pronouncement, Beaver v. State, 588 So.2d 659 (Fla. 1st DCA 1991), and where the written order contains discrepancies, the case must be remanded for correction. Brown v. State, 605 So.2d 588 (Fla. 1st DCA 1992).
Accordingly, this case is remanded, and the trial court is directed to conform the written sentence to the oral pronouncements made at the October 22, 1992 hearing.
ZEHMER, C.J., and WEBSTER, J., concur.