847 So.2d 294 (2003)
Leonard Lee BOUTWELL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00998-COA.
Court of Appeals of Mississippi.
June 3, 2003.
Leonard Boutwell, pro se, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
*295 Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
McMILLIN, C.J., for the court.
¶ 1. Leonard Lee Boutwell pled guilty to felony driving under the influence in 1995 and was sentenced to a term of five years. Four and one-half years of the sentence were suspended and it was ordered that Boutwell be placed on supervised probation for five years after his release from his initial incarceration period of six months. Some time after Boutwell's release from initial confinement, the State successfully moved to have Boutwell's probation revoked when the trial court determined that Boutwell had violated the terms of his probationary release. According to the transcript of that revocation hearing, the trial court reviewed the evidence of Boutwell's continuing difficulties with the law and concluded, "I don't have any option but to revoke his probation. He's going to be sentenced to serve his two and [sic] half years with the Mississippi Department of Corrections."
¶ 2. Despite this oral pronouncement, the formal written order revoking probation dated and entered the same day as the hearing contained the following provision: "It is therefore ordered and adjudged that the defendant's probation is revoked and he is sentenced to serve four (4) and ½ years in the custody of the Mississippi Department of Corrections."
¶ 3. Section 47-7-37 of the Mississippi Code makes plain that the court has some measure of discretion in deciding on the appropriate sanction for a probation violation when it says that, "the court ... may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction." Miss.Code Ann. § 47-7-37 (Rev.2000) (emphasis supplied). Thus, it was permissible under the law for the court to sentence Boutwell to serve something less than the entire suspended portion of his sentence. Because of the discretion afforded the court in the matter of appropriate punishment upon probation revocation, we possibly deal with something different than a simple misstatement by the court that could be rectified summarily upon its discovery.
¶ 4. Boutwell filed a motion for post-conviction relief seeking to have the oral pronouncement by the trial court of a two and one-half year sentence enforced as the lawful sentence of the court, rather than the four and one-half year sentence recited in the court's written order.
¶ 5. The trial court, in denying Boutwell's post-conviction relief motion, stated that "the Court misstated the sentence to be imposed during the revocation hearing." The court then said that "the Petitioner was in fact sentenced to serve the suspended portion of his sentence, which was four and one half years."
¶ 6. The law in most jurisdictions appears clear that, when there is a direct conflict between the oral pronouncement of sentence and the ensuing written judgment of sentence, the oral pronouncement of the sentencing court controls. U.S. v. Martinez, 250 F.3d 941, 942 (5th Cir.2001); Evans v. State, 675 So.2d 1012, 1015 (Fla. 4 Dist. Ct.App.1996); Vilicic v. State, 637 So.2d 978, 978 (Fla. 1 Dist. Ct.App.1994); State v. Hess, 533 N.W.2d 525, 528 (Iowa 1995); State v. Lane, 288 Mont. 286, 957 P.2d 9 (¶ 40) (1998); Coffey v. State, 979 S.W.2d 326, 328 (Tex.Crim.App.1998).
¶ 7. The rationale for this rule appears to arise out of the widely-held view that one of a defendant's fundamental rights is that he be present in open court when sentence against him is pronounced. Lane, 957 P.2d at (¶ 38). To do otherwise, one court observed, would be to permit a defendant to be sentenced in absentia. *296 Scott v. U.S., 434 F.2d 11, 20 (5th Cir. 1970).
¶ 8. Nevertheless, despite the rule followed in other jurisdictions that the oral pronouncement prevails over a directly conflicting written order, there is authority in Mississippi for the proposition that the written sentence controls. Temple v. State, 671 So.2d 58, 58 (Miss.1996). In Temple, the issue was whether an oral announcement of sentence that contained punitive provisions omitted from the subsequent written judgment would, nevertheless, apply. Id. at 58. In that situation, the supreme court refused to uphold the harsher punishment provisions that were not subsequently memorialized in the written judgment. Id. at 59. That circumstance is directly opposite from the situation we face where the oral pronouncement was more lenient and there would appear to be at least some question as to whether the same considerations invoked in Temple would apply. However, more to the point in this case, there is also authority, even in jurisdictions following the general rule of giving precedence to the oral announcement, that, when there is some ambiguity in the sentencerather than an irreconcilable conflictthere may be further inquiry that takes into account both the oral pronouncement and the written order in an effort to discern the court's actual intent. U.S. v. Villano, 816 F.2d 1448, 1451 (10th Cir.1987).
¶ 9. The trial court in the case before us spoke of its decision to sentence Boutwell to "his two and one-half years" (emphasis added). It does not appear logical for the court to use that phrasing had it been the court's actual intent to sentence Boutwell to serve something less than his entire suspended sentence. The Villano case, in suggesting examples of situations that might give rise to ambiguity, specifically mentioned the situation "when otherwise unambiguous words are used in an unusual way." Villano, 816 F.2d at 1453 n. 6. In light of the court's phrasing in its oral pronouncements in open court concerning Boutwell's sentence and the difference that appeared in the written order entered shortly thereafter, we conclude that, rather than facing a direct conflict, we confront a situation where a measure of ambiguity is present. That ambiguity permits additional inquiry in order to determine what the true intention of the court was in pronouncing sentence, rather than forcing a decision to pick one provision over the other based on a rule that gives no regard to what the court may have truly intended.
¶ 10. Boutwell's right to have that ambiguity resolved was satisfied when the circuit court, in considering his post-conviction relief motion, reviewed the matter and affirmatively determined that it was the court's intention from the beginning to sentence Boutwell to the entire remaining term of four and one-half years and that the contrary statement in open court was, in fact, a simple misstatement. Certainly, it would have been preferable to immediately bring Boutwell back before the court and correct the court's misstatement in a face-to-face encounter. However, there is no indication that the court's error in reciting the length of Boutwell's remaining sentence in open court was noted by anyone until it was raised by Boutwell himself in his motion. At that point, the matter was dealt with promptly and the ambiguity was resolved. We do not find reversible error in the trial court's resolution of this matter.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
*297 KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.