SOUTHWICK, P.J.,
for the Court.
¶ 1. The circuit court denied Dee Wayne Collins’ motion for post-conviction relief. Aggrieved, he appeals. We find no error and affirm.
¶ 2. Collins pled guilty to possession and sale of cocaine. He was sentenced to serve ten years for the sale of cocaine and three years for possession. The sentences were to be served concurrently. In his petition for post-conviction relief, Collins argued that the judge had sentenced him to two years for the sale of cocaine rather than ten. He contends that the sentence of ten years was incorrectly entered in the sentencing order. The circuit judge found that Collins was in fact sentenced to serve ten years and denied his petition. From this, Collins appeals.
DISCUSSION
¶ 3. The record contains a transcript of a guilty plea hearing in which the judge sentences Collins to two years imprisonment for the sale of cocaine. However, also included in the record is a sworn affidavit from the court reporter stating that she made errors in the original transcript and therefore later made a corrected copy. In the corrected transcript, the judge is shown as sentencing Collins to serve ten years, not two.
¶ 4. Other evidence of the actual sentence appears in Collins’ written acknowledgment in his plea petition that if he pled guilty, the State would recommend a sentence of ten years. The judgment itself provides that Collins was sentenced to ten years. The State reminds us of a rule that a written order controls in a conflict with an oral order. Temple v. State, 671 So.2d 58, 59 (Miss.1996). That is not quite the issue before us, as the conflict is between an initial transcript that was prepared that stated “two years,” and a corrected transcript which the court reporter assures us accurately reflects that the trial judge announced from the bench “ten years.” A court reporter’s transcript is subject to correction; no order of the court ever gave Collins a two year sentence.
¶ 5. With one exception, all the documentation in the record reveals that Collins received a ten year sentence. That exception was corrected to state what had actually occurred. We affirm.
¶ 6. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DE *1114 NYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WINSTON COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.