MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Terrance Chandler entered a plea of guilty to the charge of possession of cocaine in an amount greater than thirty grams, within 1,500 feet of a church, with intent to distribute. The Circuit Court of Oktibbeha County sentenced Chandler to thirty years in the custody of the Mississippi Department of Corrections (MDOC), followed by five years of post-release supervision upon his release from confinement. Chandler filed a motion for post-conviction relief (PCR) seeking to have his sentence reduced based on statements made by the circuit court during the sentencing phase of his guilty plea hearing. After granting a hearing on the matter, the circuit court found that the motion was without merit and denied Chandler’s PCR motion. Chandler timely appeals to this Court. Finding no error, we affirm the circuit court’s denial.
 

 FACTS
 

 ¶ 2. On April 26, 2006, in front of the circuit judge, Chandler entered a plea of guilty to the possession, within 1,500 feet of a church, of 423 grams of powder cocaine with the intent to distribute. After taking Chandler’s open plea and ascertaining that it was knowing, intelligent, and voluntary, the circuit judge deferred sentencing pending a pre-sentence investigation and report. The circuit judge found, according to that report, that Chandler had no prior felony convictions. On May 5, 2006, the matter came on for sentencing. Prior to imposition of the sentence, the
 
 *1200
 
 circuit judge made the following ore tenus comments:
 

 BY THE COURT: The [Legislature has given you some measure of mercy. This used to be an 85 per cent [sic] crime. It’s now a 25 percent crime. Even if I gave him the maximum, 60 years, he would only be there 15 years.
 

 [[Image here]]
 

 As I’ve said, this is a 7 — 25 percent [sic] crime, and I’ve thought about that when I’ve sentenced, and I’ve found out — I’ve called to check on that, so whatever sentence I give you, you’ll serve 25 percent of that.
 

 Accordingly, Mr. Chandler, it is the judgment of this Court in this cause number, 2006-0066-CR, that you be sentenced to serve a term of 30 years in the custody of the Mississippi Department of Corrections.
 

 When you complete whatever part of that 30-year sentence you’ll serve, you’ll be on post-release supervision for five years. You’ll pay a fíne in the amount of $5,000, plus the cost of court.
 

 [[Image here]]
 

 So that any — both sides will know, I could have given him 60 years. That would have amounted to 15, under the statute. I do give him some credit for coming forward when the police officers got him and admitting what he had done. He does get that credit. Had he not done that, then I would have given him the maximum.
 

 ¶ 3. A formal written sentencing order was thereafter entered that same day, expressly stating that Chandler be sentenced to serve a term of thirty years in the custody of the MDOC, and that he be placed on five years of post-release supervision after his release from confinement.
 

 ¶ 4. On October 27, 2006, Chandler filed a PCR motion requesting that the circuit court correct its judgment and sentence. Chandler claimed that the intent of the circuit court, through its pronouncement from the bench, was that he serve no more than twenty-five percent of his thirty-year sentence, or seven and one-half years.
 

 ¶ 5. The circuit court granted Chandler a hearing on his PCR motion, which was conducted on August 1, 2008. After reviewing the transcript of the sentencing hearing and listening to oral argument from both parties, the circuit court denied the motion. In his order denying the motion, the circuit judge stated the following:
 

 The Petitioner contends that the court gave him an excessive sentence because the Court had calculated that the Petitioner would only have to serve a lesser percentage of time.
 

 Actually, the Court’s comments during the sentencing hearing were the Court’s concerns that the state parole board would allow the Petitioner to serve only 25% of the sentence imposed by this Court. The prospect of early release was especially disconcerting in this case due to the surrounding circumstances.
 

 The Petitioner pled guilty in an open plea. Pleading open leaves the sentence to the discretion of this Court. The Court did not engage in plea negotiations and did not promise the Petitioner any sentence to get him to plead guilty. Given the very large amount of cocaine, one pound, along with the court’s belief that the Petitioner was supplying most of Starkville’s street level dealers with cocaine to re-sell, this Court believes that the Petitioner should serve most, if not all, of the thirty (30) year sentence imposed upon him.
 

 Be that as it may, the legislative branch of government has entrusted to the [executive branch, e.g. [sic] the state parole board, the decision as to what a thirty (30) year sentence imposed
 
 *1201
 
 by the [jludicial branch of government actually means in terms of real time to serve. Most assuredly, this Court did not intend to give just a seven and a half (7½) year sentence in the largest possession of cocaine with intent to distribute case that had ever come before this [C]ourt....
 

 STANDARD OF REVIEW
 

 ¶ 6. When reviewing the circuit court’s decision to deny a petition for post-conviction relief this Court will not disturb that court’s factual findings unless they are found to be clearly erroneous.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing
 
 Bank of Miss. v. S. Mem’l Park, Inc.,
 
 677 So.2d 186, 191 (Miss.1996)). “However, where questions of law are raised the applicable standard of review is de novo.”
 
 Id.
 

 DISCUSSION
 

 ¶ 7. Chandler argues that the circuit court erred in denying his PCR motion and requests that his final sentencing order be corrected to reflect the circuit court’s oral pronouncement that he be incarcerated for a period no longer than twenty-five percent of his thirty-year sentence (i.e., seven and one-half years). Chandler asserts that where there is any variation between the oral and written pronouncements of a sentence, the oral sentence prevails; he cites to numerous federal cases for support of his argument. This Court, however, has addressed this issue.
 

 ¶ 8. In
 
 Boutwell v. State,
 
 847 So.2d 294, 295(¶ 6) (Miss.Ct.App.2003), we recognized that the law in most jurisdictions is that when a written judgment of sentence directly conflicts with the sentencing judge’s oral pronouncement of sentence, the oral pronouncement controls. (Citations omitted). However, the
 
 Boutwell
 
 Court also found that, while this may be the rule in other jurisdictions, our supreme court has held that where there is a direct conflict between the oral and written pronouncements of a sentence, the written order controls.
 
 Id.
 
 at (¶ 8) (citing
 
 Temple v. State,
 
 671 So.2d 58, 59 (Miss.1996) (holding that “in order for a sentence to be valid, a judgment must be entered as of record.”)).
 

 ¶ 9. It is unnecessary for us to discuss the rationale behind these respective viewpoints, for it is entirely clear, based on our review of the record in this case, that no conflict exists between the circuit court’s oral pronouncement of the sentence and its ensuing written order. Both clearly reflect that Chandler was sentenced to a term of thirty years in the custody of the MDOC, followed by five years of post-release supervision, for violating Mississippi Code Annotated sections 41-29-139 (Rev.2005) and 41-29-142 (Rev.2005).
 

 ¶ 10. The remarks made by the circuit judge during Chandler’s sentencing hearing were merely “surplusage,” in that they were comments concerning Chandler’s eligibility for parole.
 
 Temple,
 
 671 So.2d at 59. They were not, nor could they be, as Chandler contends, an oral mandate to the MDOC that Chandler be released from that agency’s custody after serving just seven and one-half years of his thirty-year sentence. As the circuit court correctly noted in its order denying Chandler’s PCR motion, the parole board, not the circuit court, has exclusive authority for the granting of parole within the parameters set forth in Mississippi Code Annotated section 47-7-3 (Supp.2009).
 
 See Cotton v. Miss. Parole Bd.,
 
 863 So.2d 917, 921(¶ 11) (Miss.2003) (“This control is independent of the circuit court’s sentencing authority.”) (citation omitted). Accordingly, we find this issue is without merit.
 

 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYING THE MOTION
 
 *1202
 
 FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.