495 So.2d 497 (1986)
Edward BOBKOSKIE
v.
STATE of Mississippi.
No. 57270.
Supreme Court of Mississippi.
October 1, 1986.
Rehearing Denied October 29, 1986.
*498 Edward Bobkoskie, pro se.
Edwin Lloyd Pittman, Atty. Gen. by H.M. Ray, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Edward Bobkoskie filed a Petition for Writ of Mandamus in the Circuit Court of Sunflower County, Mississippi, to compell B.C. Ruth as Chairman of the Mississippi Parole Board to either return Bobkoskie from Colorado to Mississippi for parole revocation hearing or to hold a hearing in his absence. The Circuit Court of Sunflower County found that the Mississippi Parole Board had held a hearing in Bobkoskie's absence and dismissed his petition for writ of mandamus. Aggrieved by that action, Bobkoskie appeals to this Court and assigns six errors:
1. That the circuit court erred in dismissing his original petition based upon its ruling that Bobkoskie's rights were not violated;
2. That the circuit court erred in its ruling that the Morrissey standards did not apply to this case;
3. That the circuit court erred by failing to order the parole board to provide Bobkoskie with a meaningful parole revocation hearing;
4. That the parole violation hearing provided to Bobkoskie was held in violation of Bobkoskie's right to due process of law;
5. That the circuit court erred in its ruling the parole board had provided Bobkoskie with a meaningful parole revocation hearing; and
6. That the circuit court erred by failing to order the parole board to comply with Mississippi statutes pertaining to revocation of parole.
Bobkoskie was sentenced to concurrent terms of five (5) years in the Circuit Court of Jackson County on February 2, 1983. On June 21, 1984, Bobkoskie was released on conditional parole to Jackson County, following his agreement to certain specified conditions including, inter alia, his agreement to "live and remain at liberty without violating the law." On June 27, 1984, Bobkoskie was issued a travel permit to move to Colorado Springs, Colorado, and reside there pending acceptance by the Colorado Parole authorities. This acceptance took place in July of 1984. On October 30, 1984, Bobkoskie was arrested on two counts of burglary and one count of theft in the State of Colorado. On February 25, 1985, Bobkoskie was sentenced to serve a term of four (4) years in the Colorado Department of Corrections on one count of burglary and also sentenced to serve a term of six (6) years in the Colorado Department of Corrections on another count of burglary. The sentences are to run consecutively.
On March 25, 1985, Bobkoskie was served with a copy of a warrant for parole violation from the Mississippi Parole authority and an amended detainer was lodged against Bobkoskie with the Colorado Department of Corrections.
On July 5, 1985, Bobkoskie filed a pleading entitled "Petition for Writ of Mandamus" in which he sought to either be returned to Mississippi for parole revocation hearing or that the hearing be held in his absence.
Thereafter on August 1, 1985, Bobkoskie filed amendments to his petition for writ of mandamus again asking that he be returned to Mississippi for parole hearing or that the hearing be held in his absence and asking for the same relief that he had requested in his original petition. The Circuit Court of Sunflower County directed the penal authorities to respond to Bobkoskie's petition for writ of mandamus and this was done.
*499 On September 24, 1985, B.C. Ruth, Chairman of the Mississippi Parole Board filed with the court below a supplemental response. The response showed, among other things, that the Mississippi Parole Board met at its regular scheduled meeting on September 29, 1985, and considered the parole revocation of Bobkoskie; reviewed the findings of the pre-revocation hearing held on or about November 23, 1984; considered the certified copies of convictions in the State of Colorado; and voted to discontinue Bobkoskie on parole in the State of Mississippi, on the ground that he had violated condition No. 5 of his parole agreement which provided that, "I will live and remain at liberty without violating the law." The parole board contended that Bobkoskie had been given a pre-revocation hearing and a revocation hearing before the full parole board. Furthermore, the Board found that Bobkoskie had not disputed the fact that he had been convicted in the State of Colorado. Based upon these findings, the board then moved the court to dismiss the cause as a matter of law.
Bobkoskie filed a response to this supplemental response and alleged that he was never notified as to the date of the parole hearing nor was he presented with an opportunity to present evidence, witnesses, or documentation nor was he permitted to appear before the parole board for the hearing.
On April 8, 1986, the Circuit Court of Sunflower County entered an order denying and dismissing Bobkoskie's petition for mandamus.
On May 8, 1986, an order was entered granting Bobkoskie permission to appeal to this Court in forma pauperis.

I.

DID THE LOWER COURT ERR IN DENYING AND DISMISSING THE PETITION FOR WRIT OF MANDAMUS?
The petition for writ of mandamus filed by Bobkoskie in the Circuit Court of Sunflower County is an attempt to appeal the parole revocation proceedings and an order revoking parole is not appealable. Pipkin v. State, 292 So.2d 181 (Miss. 1974). The petition should have been dismissed without prejudice to Bobkoskie's instituting a post-conviction relief action under the Uniform Collateral Post-Conviction Relief Act. Mississippi Code Annotated, § 99-39-1, et seq. as Amended (Supp. 1985).
Mississippi Code Annotated, § 99-39-5(1)(g), (Supp. 1985), authorizes among other things suit by "Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims ..." that his parole was unlawfully revoked.
Bobkoskie is in the custody of the Department of Corrections of the State of Colorado and not presently in custody under sentence of the court of records of the State of Mississippi.
If we treat Bobkoskie's petition for writ of mandamus as a petition for writ of mandamus, it is apparent on the face of the record that the mandamus will not lie and that the trial court properly denied and dismissed his petition. If we treat the petition as a motion under the Mississippi Uniform Collateral Post-Conviction Relief Act, the petition is also without merit. Mississippi Code Annotated, § 47-7-27 (1972), as Amended, provides among other things, the following:
The board is hereby authorized at any time, in its discretion, and upon a showing of probable violation of parole, to issue a warrant for the return of any paroled offender to the institution from which he was paroled... . An offender for whose return a warrant has been issued by the board shall, after the issuance of such warrant, be deemed a fugitive from justice.
The law now in effect concerning the right of the State of Mississippi to extradite persons and return fugitives from justice, from other states to this state, shall not be impaired by this chapter and shall remain in full force and effect.
At the next meeting of the board held after the issuance of a warrant for the retaking of any offender, the board shall *500 be notified thereof; and if the offender shall have been taken into custody, he shall then be given an opportunity to appeal to the board in writing or in person why his parole should not be revoked. The board may then, or at any time in its discretion, terminate such parole or modify the terms and conditions thereof. In the event the board shall revoke parole, the offender shall serve the remainder of the sentence originally imposed unless at a later date the board shall think it expedient to grant the offender a second parole. In case a second parole shall not be granted, then the offender shall serve the remainder of the sentence originally imposed, and the time the offender was out on parole shall not be taken into account to diminish the time for which he was sentenced. (Emphasis added.)
This act was amended by Laws, 1986, Ch. 357, as follows:
A parolee convicted of a felony while on parole, whether in the State of Mississippi or another state, shall immediately have his parole revoked upon presentment of a certified copy of the commitment order to the board.
The record shows that Bobkoskie had and took the opportunity to state in writing his reasons as to why his parole should not be revoked. No justiciable reason was presented. Furthermore, he expressly requested that he either be returned to Mississippi for a parole revocation hearing or the hearing be held in his absence.
Bobkoskie's reliance on Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), for the proposition that his parole revocation does not satisfy the requirements of the due process clause of the Fourteenth Amendment of the United States Constitution is misplaced. Morrissey's parole was revoked on the basis of information that he had violated the conditions of parole by buying a car under an assumed name and operating it without permission, giving false statements to police concerning his address and insurance company after an accident, obtaining credit under an assumed name, and failing to report his place of residence to his parole officer. Nothing in the Morrissey record indicated that petitioners had admitted the violations and assertions made by responding in the court were not based on any public record but upon interviews with two of the members of the parole board, and on remand that court stated, "If it is determined that petitioners admitted parole violations to the Parole Board, as Iowa contends, and if those violations are found to be reasonable grounds for revoking parole under state standards, that would end the matter." Morrissey, 408 U.S. at 499, 92 S.Ct. at 2609. Bobkoskie admits to the conviction of a felony while on parole. Conviction of a felony by a parolee is a reasonable ground under Mississippi standards for revocation of parole. That this is apparent can be seen by the recent amendment to Section 47-7-27, Mississippi Code Annotated (Supp. 1986), and also Section 47-7-29, Mississippi Code Annotated (1972), as amended, which provides:
Any prisoner who commits a felony while at large upon parole and who is convicted and sentenced therefor shall be required by the board to serve such sentence after the original sentence has been completed.
The uncontradicted evidence shows that Bobkoskie not only violated the conditions of his parole which required that he "live and remain at liberty without violating the law," but it also shows that the two violations, convictions for the crimes of burglary, were reasonable grounds for revoking his parole under state standards.
Under some circumstances it would be appropriate for this Court to affirm the lower court's denial and dismissal of the petition for mandamus on the ground of lack of jurisdiction of that court to entertain an appeal from the Mississippi Parole Board's revocation of parole and do so without prejudice to Bobkoskie's right to bring suit under the Uniform Collateral Post-Conviction Relief Act. However, as we have reviewed the record below both as a petition for writ of mandamus and as an *501 action under the Uniform Collateral Post-Conviction Relief Act, and have determined that Bobkoskie is not entitled to any relief pursuant to the Post-Conviction Collateral Relief Act, we therefore affirm the Circuit Court of Sunflower County's order dismissing the petition entitled, "Petition for Writ of Mandamus."
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ, and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON, and GRIFFIN, JJ., concur.