## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-01100-SCT

*PRESTON MILLS, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/24/95 |
| TRIAL JUDGE: | HON. ANDREW CLEVELAND BAKER |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ROGER W. WILLIAMS |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/12/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

This appeal comes from the Circuit Court of Tate County, which on October 24, 1995, denied Preston Mills, Jr.'s Motion for Post-Conviction Relief without an evidentiary hearing. On appeal before this Court, Mills assigns the following issues for error:

### ISSUES

**I. WHETHER THE SUSPENSION OF MILLS' SENTENCE WAS PROPERLY REVOKED FOR VIOLATION OF ATTACHED CONDITIONS.**

**II. WHETHER THE TRIAL COURT PROPERLY DENIED MILLS' MOTION FOR POST-**

CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

## FACTS

Preston Mills pleaded guilty to burglary and grand larceny in Panola County Circuit Court on September 20, 1989. Several of the counts of burglary resulted from crimes committed in Panola County. However, one charge of burglary and grand larceny was committed in Tate County. Mills was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections on the Tate County charge, with said sentence to run consecutive with the sentence issued in Panola County. Mill's sentence on the Tate County charge was then suspended "pending his future good behavior."

In 1994, Mills was arrested for two more burglaries. Subsequently, a revocation hearing was held, and Mills' suspended sentence was revoked. The trial judge concluded that it was "abundantly clear that Mr. Mills has again involved himself in criminal activity contrary to the ten year sentence handed down on September 20, 1989...."

Mills denies that he was given a suspended sentence. Alternatively, he claims that the conditions of his suspended sentence were never told to him. Mills outlined this alleged error in his Motion to Vacate Revocation of Suspended Sentence. The trial court denied Mills' motion on November 2, 1995.

## DISCUSSION

### I. WHETHER THE SUSPENSION OF MILLS SENTENCE WAS PROPERLY REVOKED FOR VIOLATION OF ATTACHED CONDITIONS.

Mills clearly was made aware that committing a subsequent felony would result in the revocation of his suspended sentence. While in some instances it might be difficult to determine what constitutes "future good behavior," it is hardly disputable that committing two felonies qualifies.

In *Bobkoskie v. State*, 495 So.2d 497, 500 (Miss.1986), a defendant's parole was upon the agreement to "live and remain at liberty without violating the law." The defendant subsequently was convicted of a felony and his parole was revoked. *Id.* We held that the condition to parole was valid, and upheld the revocation. *Id.* In the case *sub judice*, Mills was similarly warned that committing a subsequent felony would result in the revocation of his suspended sentence.

Mills argues that *Artis v. State*, 643 So.2d 533 (Miss.1994) supports his claim. He is incorrect. In *Artis,* we reversed a lower court's decision revoking a suspended sentence. We found that the sentencing judge expressly declined to put the defendant on probation and suspended his sentence absent any condition. *Id* at 537. We stated,

> Even if it is proper for a trial court to suspend the execution of a defendant's sentence and later revoke the suspended sentence, without express imposition of probation, it is necessary for that court to base its revocation on the violation of the clear terms and conditions of the suspended sentence. Here there are none.

*Id.*

We went on to explain that a lower court must always advise the defendant of the terms and conditions of his suspended sentence. *Id* at 538*.* Mills was advised of the terms and conditions of his suspended sentence. Moreover, the terms were put into writing. Mills was informed that he would stay out of jail "pending future good behavior." Mills was unable to live by such condition, and the circuit court properly revoked his suspended sentence. This assignment of error is without merit.

### II. WHETHER THE TRIAL COURT PROPERLY DENIED MILLS' MOTION FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

According to Miss. Code Ann. § 99-39-11(2) (1994), if it plainly appears from the face of the motion and the prior proceedings that the petitioner is not entitled to any relief, the court shall dismiss the petition or motion without conducting an evidentiary hearing.

It is clear in the case at bar that Mills is not entitled to any relief. His accusations are refuted by the sentencing order and the transcript of the revocation hearing. Accordingly, we find that the circuit court did not err in denying an evidentiary hearing.

## CONCLUSION

Mills was made well aware of the conditions of his sentence when it was suspended. He should have stuck by his word. Accordingly, we affirm the trial court's denial of Mills' motion for post-conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**