817 So.2d 598 (2002)
Jessie HARWELL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01642-COA.
Court of Appeals of Mississippi.
May 7, 2002.
Jessie Harwell, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Jackson, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Jessie Harwell appeals from an order of the Circuit Court of Lafayette County, Mississippi denying his petition for post-conviction relief. Aggrieved, Harwell perfected this appeal, arguing that the trial court erred by not appointing counsel for the probation revocation hearing. However, Harwell, proceeding pro se, presented this Court with an incomplete record. We remanded the cause to the circuit court, requesting that an evidentiary hearing be held regarding the reasons for the revocation of Harwell's probation. The court supplemented the record with the actual transcript taken from Harwell's probation revocation hearing. Finding no error, we affirm.

FACTS
¶ 2. Jessie Harwell was indicted on two counts of simple robbery on January 14, 1996. Harwell entered a guilty plea to both offenses and was sentenced to probation for five years under a suspended sentence of five years. The judgment also *599 ordered Harwell to leave Mississippi for a period of ten years.
¶ 3. Subsequent to the sentence, Harwell moved to Alabama. However, contrary to the court's orders, he returned to Lafayette County, Mississippi after approximately two years. Harwell alleged that he had been stabbed through the chest while living in Alabama and that, as a safety and precautionary measure, it was necessary for him to return to his family in Mississippi. Harwell also asserted that he contacted the Lafayette County Sheriff prior to returning and received permission to return to Mississippi. While in Mississippi, Harwell was arrested and charged with public drunkenness.
¶ 4. Following a revocation hearing, Harwell's probation was revoked. The trial judge concluded that Harwell's arrest for public drunkenness clearly violated the terms and conditions of his probation. Harwell was ordered to serve his five-year sentence in the penitentiary.
¶ 5. Harwell filed a motion seeking post-conviction relief in which he claimed that the revocation of his probation without the aid of appointed counsel violated his Fourteenth Amendment right to due process and his Sixth Amendment right to assistance of counsel. The circuit court entered an order summarily denying Harwell's complaint. It is from this denial that Harwell now appeals.

LAW AND ANALYSIS

I. DID THE TRIAL COURT ERR BY NOT APPOINTING COUNSEL FOR THE PETITIONER WHEN THE PROBATION REVOCATION HEARING WAS HELD?
¶ 6. In reviewing the trial court's denial of a petition for post-conviction relief, this Court will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
¶ 7. Harwell argues that the trial court erred in failing to appoint counsel at his probation revocation hearing. Specifically, Harwell asserts that a probation revocation hearing is a critical stage within the process of a criminal prosecution; therefore, the Fourteenth and Sixth Amendments require that counsel be appointed during probation revocation proceedings. Finding Harwell's argument contrary to well-established case law, this Court rejects this assignment of error.
¶ 8. The Mississippi Supreme Court has made it clear that probationers do not "have, per se, a right to counsel at revocation hearings." Riely v. State, 562 So.2d 1206, 1209 (Miss.1990) (citing Lassiter v. Department of Soc. Servs., 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). In Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court reasoned that the right to counsel does not attach because a probation revocation proceeding does not fall within the critical stages of a criminal prosecution where a substantial right of the accused might be affected. Nonetheless, the court emphasized that the potential deprivation that accompanies a revocation of probation requires that the probationer be accorded due process during the revocation proceeding, including, in a very limited number of cases, the right to counsel. Id. at 781-82, 93 S.Ct. 1756. The court, however, did not incorporate the right to counsel within the list of basic due process rights that always attaches during a revocation proceeding. Id. at 786, 93 S.Ct. 1756. Instead, the court stated that "the decision as to the need for counsel must be made on a case-by-case basis, in the exercise of sound discretion by the state authority charged with responsibility *600 for administering the probation and parole system." Id. at 790, 93 S.Ct. 1756. In concluding, the court noted:
Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.
Id.
¶ 9. It is clear from the record that Harwell neither obtained nor requested counsel during any stage of his revocation proceeding. It is equally apparent that Harwell's situation is not of the type contemplated by the Supreme Court in Gagnon where it announced the limited need for counsel during certain revocation proceedings. Nonetheless, Harwell argues that his situation was unique due to the mitigating circumstances forcing his return to Mississippi. The record shows that Harwell asserted two mitigating circumstances justifying his prohibited return: (1) he feared for his life outside of Mississippi and needed to be with his family, and (2) he obtained permission from the Sheriff of Lafayette County before he returned. We find that although mitigating, the defenses argued by Harwell were straightforward and certainly not "complex or otherwise difficult to develop or present." Therefore, the trial court was under no duty to appoint counsel for Harwell during the revocation proceeding. See Mississippi State Probation Bd. v. Howell, 330 So.2d 565, 566 (Miss.1976) (noting that out of the tens of thousands of probation revocation hearings, very few would require the presence of counsel).
¶ 10. In reaching this decision we address the issue raised by the dissent as to whether the trial court had the authority to revoke Harwell's probation. The dissent contends that Harwell received suspended sentences on both counts of simple robbery and was never placed on probation. In support of this conclusion, the dissent notes that there is no evidence in the record that the trial court notified Harwell of conditions to his suspended sentence; therefore, the dissent reasons that Harwell was never placed on probation. Moreover, the dissent argues that the clear absence of the terms and conditions of probation from the final judgment of conviction and sentence supports the conclusion that Harwell was never placed on probation. This conclusion, however, is inaccurate as the Mississippi Supreme Court has noted that a defendant may be placed on probation where the trial court orally informs him of the terms and conditions attached to the suspended sentence. Artis v. State, 643 So.2d 533, 538 (Miss. 1994). See also Tunstall v. State, 767 So.2d 167, 169 (¶ 10) (Miss.1999) (noting that probation may be implied from the language used by the trial court during the sentencing proceedings).
¶ 11. While the dissent is correct in concluding that the record lacks evidence that Harwell was ever placed on probation, its conclusion that this omission warrants reversal is misguided. As the Mississippi Supreme Court has stated, "[w]e have repeatedly stressed that the necessary transcripts are to be made part of the record, and that the appellant bears the burden of presenting a record which is sufficient to undergird his assignment of error." Williams v. State, 522 So.2d 201, 209 (Miss.1988). Assuming Harwell had raised *601 this issue, he would have had the burden of establishing that he was never placed on probation. See Green v. State, 802 So.2d 181, 184 (¶ 19) (Miss.Ct.App.2001) (noting that appellant bears the burden of establishing a claim for relief in post-conviction actions). As noted, there is no evidence in the record establishing that the trial court suspended Harwell's sentence without attaching conditions of probation; therefore, we cannot reverse the trial court's denial of post-conviction relief.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS AND BRANTLEY, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.
IRVING, J., Dissenting:
¶ 13. The majority addresses one issue, whether Harwell was entitled to appointed counsel to represent him in the revocation hearing. My review of Harwell's pro se brief indicates that Harwell complains about both the lack of justification for revoking his probation and the failure to appoint counsel to represent him in the probation hearing.[1] Because I believe there was no justification for revoking Harwell's probation, I respectfully dissent.
¶ 14. Harwell pleaded guilty in the Circuit Court of Lafayette County to two counts of robbery. He was sentenced to five years in the custody of the Mississippi Department of Corrections with the five years suspended. As a part of his sentence, he was "banished from [the] State of Mississippi for a period of [ten] years." The judgment reads in pertinent part:
IT IS THEREFORE ORDERED AND ADJUDGED that said Defendant be and he/she is hereby sentenced to serve a term of 5 years in an institution to be designated by the Mississippi Department of Corrections with 5 years suspended and 0 years to serve on each count to run concurrent [sic]. Defendant is banished from State of MS for a period of 10 years.
As readily can be seen, the judgment neither mentions probation nor contains any terms and conditions of probation. A perusal of the record reveals no terms and conditions. Although there are no terms and conditions of probation in the record, I interpret the banishment provision as a condition of the suspended sentence and that the suspended sentence could be revoked for a violation thereof, assuming the constitutionality of the provision.[2]
¶ 15. Mississippi Code Annotated § 47-7-33 (Rev.2000) provides in pertinent part:

*602 When it appears to the satisfaction any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, ... to suspend the imposition or execution of sentence, and place the defendant on probation.
Mississippi Code Annotated § 47-7-35 (Rev.2000) provides that [t]he courts ... shall determine the terms and conditions of probation or post-release supervision and may ... include among them ... [t]hat the offender shall [c]ommit no offense against the laws of this or any state of the United States, or the United States." Mississippi Code Annotated § 47-7-37 (Rev.2000) provides in pertinent part:
At any time during the period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested.
* * * *
Thereupon, or upon an arrest by warrant as herein provided, the court, in termtime or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence.
¶ 16. I read these statutes to mean that the terms of conditions of probation are not automatically imposed but are imposed at the discretion of the trial judge. This, of course, means that one may receive a suspended sentence without being placed on probation. In my judgment, that is what happened in this case.
¶ 17. In compliance with the banishment provision of his sentence, Harwell went to live in the State of Alabama where he remained until he was seriously injured. Because he needed the help of family and friends during his recovery period, Harwell called the sheriff of Lafayette County, told him about Harwell's condition and requested permission to come live with Harwell's father while Harwell recuperated. The sheriff granted the request. The record does not indicate whether the trial judge was advised of the request or the sheriff's decision to grant the request.
¶ 18. The trial judge concluded that Harwell's arrest for public drunkenness clearly violated the terms and conditions of his probation. Apparently, the majority agrees. As already observed, the record does not contain any terms and conditions of probation. The judgment of conviction and sentence makes no reference to any. Further, the record does not contain a copy of the petition to revoke probation. The record before us does not contain a copy of the plea colloquy when Harwell entered his guilty plea. Therefore, we do not know whether Harwell was notified at that time of some terms and conditions of probation. Even if he had been, it appears to me that the written judgment of conviction and sentence controls. If the judgment indicated that Harwell was being placed on probation, then it would seem acceptable that the terms and conditions of that probation could be established and made known to Harwell at the sentencing hearing even though they were not actually included in the sentencing order. As stated, we do not have the transcript of the plea and sentencing hearing. However, as already observed, the sentencing order does not specify probation.
*603 ¶ 19. The majority acknowledges that the record "lacks evidence that Harwell was ever placed on probation." However, the majority reasons that it is Harwell's responsibility to produce a record "sufficient to undergird his assignment of error." Apparently, the majority chooses to ignore the fact that the sentencing order is in the record before us and that the sentencing order does not mention probation. Whatever was said about probation, if anything, at the missing plea hearing is of no consequence because the judgment of conviction and sentence controls, and, as has been observed several times in this opinion, the judgment of conviction and sentence says nothing about probation.
¶ 20. It cannot be legitimately argued that the written judgment of conviction and sentence is not the controlling piece of evidence. This much is placed beyond dispute by our supreme court's holding in Temple v. State, 671 So.2d 58 (Miss.1996). In Temple, the judgment entered by the trial court sentenced Ishmael Temple to fifteen years in the Mississippi Department of Corrections. The judgment did not contain a banishment provision. Id. at 58. However, "[a]t the plea hearing, the judge stated, in addition to the fifteen year sentence set out in the written order, that it would be the order of the court that Temple not be paroled inside the state of Mississippi or any other state where the victim is residing." Id. On appeal, the Mississippi Supreme Court had this to say about the validity of the oral pronouncement at the plea hearing regarding the restriction on parole:
We hold that the written order is the final judgment and evidences Temple's proper sentence. The oral pronouncement of parole conditions is unenforceable.
* * * *
It is not necessary to address the propriety of the banishment conditions imposed on Temple. These conditions are unenforceable because they are not contained in the written judgment entered with the clerk.
Id. at 58-59.
¶ 21. The majority's cites Tunstall v. State, 767 So.2d 167, 169 (¶ 10) (Miss.1999) and Artis v. State, 643 So.2d 533, 538 (Miss.1994), in concluding that a written order or judgment, making reference to the probationary aspect of the sentence, is not required to place a criminal defendant on probation. In the view of the majority, an oral recitation by the trial judge is all that is required. In my opinion, the majority misreads both of these cases.
¶ 22. In Tunstall, the Mississippi Supreme Court found Tunstall indistinguishable from Wilson v. State, 735 So.2d 290 (Miss.1999). Tunstall, 767 So.2d at (¶ 10). The defendant in Tunstall, Chuck Tunstall, "was sentenced to fifteen years, with the last eleven years suspended `pending good behavior.'" Id. at (¶ 4). In Wilson, Earl Wilson, Jr. was ordered to serve ten years in the Mississippi Department of Corrections with the last eight years suspended, pending your future good behavior. Wilson, 735 So.2d at (¶ 2). The Tunstall court, in commenting on the facts in Wilson and in discussing the Wilson decision, explained that the defendant in Wilson was placed on unsupervised probation which did not require reporting to the Department of Corrections. Tunstall, 767 So.2d at (¶ 10). Wilson argued that he was not placed on probation. Id. The Tunstall court explained that the Wilson court rejected Wilson's argument, finding instead that "Wilson was in fact given specific conditions and terms by the trial judge and was told that he was not to violate any of these conditions. ..." Id. The magic *604 word "probation" was not used in Tunstall's sentencing order. Id. at (¶ 8). However, the Tunstall court held that "Tunstall's probation arises from the judicial act of the trial judge in setting a condition upon his suspended sentence." Id. at (¶ 10) (emphasis added).
¶ 23. As can be discerned from the discussion above, Tunstall and Wilson, stand for the proposition that neither the term "probation" nor the specific terms and conditions of the probation have to be spelled out in the sentencing order, provided that the sentencing order contains language indicating probation is ordered and the defendant is orally made aware that he is on probation, as well as the terms and conditions of the probation. Our case is distinguishable from Tunstall and Wilson in that in our case the sentencing order, unlike the sentencing order in Tunstall and Wilson, makes no reference to probation or conditional behavior.
¶ 24. The majority also misinterprets Artis v. State, 643 So.2d 533 (Miss.1994). In Artis, the defendant was given a suspended sentence but not placed on probation. Id. at 534. The defendant later committed a felony, and his suspended sentence was revoked. Id. Our supreme court reversed and reinstated the original sentence, finding (1) that due process requires that a defendant be notified "of the terms and conditions upon which his suspended sentence is contingent before it may be properly revoked for violation of those terms and conditions," and (2) that the trial court did not follow the procedures set forth in Mississippi Code Annotated §§ 47-7-33, 47-7-35, 47-7-37 (Rev. 2000). Artis, 643 So.2d at 538.
¶ 25. The Artis decision does not stand for the proposition that a criminal defendant may be orally placed on probation. Rather, it stands for the proposition that the terms and conditions of probation may be given orally, provided that the sentence is conditioned upon the defendant's good behavior and not violating the law. That this is the proper construction of the Artis decision is made clear by the Artis court's discussion of the State's position in Artis. In Artis, the State cited Bobkoskie v. State, 495 So.2d 497 (Miss.1986), in support of its contention that the revocation of Artis's suspended sentence should be affirmed. In Bobkoskie, Edward Bobkoskie was convicted of two felonies in the State of Colorado after being sentenced and later released in Jackson County, Mississippi to concurrent terms of five years for felonies committed in Jackson County. Following Bobkoskie's conviction in Colorado, the Mississippi Parole Board revoked his parole in Mississippi. Id. at 498-99.
¶ 26. The Artis court summarily dismissed the State's position as follows:

Bobkoskie v. State, 495 So.2d 497, 500 (Miss.1986), which is cited by the State is distinguishable from this case. In Bobkoskie, the defendant's parole was specifically conditioned, among other things, on his agreement to "live and remain at liberty without violating the law." Id. at 498. No such conditions were set forth here.

Artis, 643 So.2d at 538 (emphasis added).
¶ 27. In summary, I find (1) that Harwell was given a suspended sentence and banished from the state, (2) that he was not placed on probation generally but that the suspension of his sentence was conditioned upon his leaving the state for ten years, and nothing else, and (3) that the revocation of that suspended sentence for any reason other than a violation of the banishment provision was improper. Harwell's suspended sentence was revoked because of public drunkenness. That is a violation of the law which could have been prosecuted separately, but it is not a condition of his suspended sentence which *605 would justify a revocation of the suspended sentence. Therefore, I respectfully dissent.
KING, P.J., JOINS THIS SEPARATE WRITTEN OPINION.
NOTES
[1] Harwell, representing himself, does not clearly delineate his arguments. However, "[w]here, as here, a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations." Myers v. State, 583 So.2d 174, 176 (Miss.1991). In the summary of the argument section of his brief, Harwell contends that "defendant's probation was revoked without good cause or authority of law in violation of [the] 14th Amendment." In the conclusion section, he argues that "Appellant's probation was revoked without good cause."
[2] Banishment provisions are not per se unconstitutional. Cf. Hamm v. State, 758 So.2d 1042 (Miss.Ct.App.2000). However, I will not examine the constitutionality of the provision here since, as will be discussed later in this opinion, the trial judge said that was not the basis for revoking Harwell's suspended sentence.