KING, C.J.,
 

 for the Court.
 

 ¶ 1. Walter Conlee pled guilty to a two-count indictment: Count I, manslaughter, and Count II, transfer of a controlled substance. Conlee was sentenced to serve twenty years on Count I and thirty years on Count II in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run concurrently. Conlee timely filed a motion for post-conviction relief. The Rankin County Circuit Court held an evidentiary hearing on Con-lee’s motion on March 18, 2008, and denied relief. Conlee appeals, raising the following issues: (1) whether Conlee was indicted by a legally convened grand jury; (2) whether the trial court erred in accepting Conlee’s guilty plea; and (3) whether there is a factual basis to support the charge of transfer of a controlled substance. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. In December 2002, a Rankin County grand jury indicted Conlee for the murder of Connie Bounds and three counts of the transfer of a controlled substance, hydro-codone and cocaine. On March 9, 2005, Conlee entered a guilty plea in Count I to manslaughter as a lesser-included offense of murder, and in Count II, the transfer of a controlled substance, hydrocodone. Conlee was sentenced to serve twenty years on Count I and thirty years on Count II in the custody of the MDOC, with the sentences to run concurrently.
 

 ¶ 3. On January 17, 2008, Conlee filed a petition styled “Motion to Correct Sentence/Habeas Corpus.” The trial court treated the motion as a request for post-conviction relief. On March 17, 2008, the trial court held an evidentiary hearing on the motion. As a result of the evidentiary hearing, the trial court found that Conlee’s claims for relief were without merit and denied relief.
 

 STANDARD OF REVIEW
 

 ¶ 4. When reviewing a trial court’s denial of a petition filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act (MUPCCRA), Mississippi Code Annotated section 99-39-1 to -29 (Rev.2007), “[t]his Court will not disturb the trial court’s decision to deny post-conviction relief unless the trial court’s decision proves to be clearly erroneous. The Court, however, reviews questions of law de novo.”
 
 Johnson v. State,
 
 962 So.2d 87, 88-89(¶ 8) (Miss.Ct.App.2007) (internal citations omitted).
 

 DISCUSSION
 

 I. Whether Conlee was indicted by a legally convened grand jury.
 

 ¶ 5. Conlee was indicted by the July 2002 term grand jury, which was recalled on December 19, 2002. Conlee contends that he was indicted by an illegally convened grand jury because the July 2002 term grand jury had completed its
 
 *538
 
 duties and the indictment was not signed and filed until January 13, 2003. Conlee argues that the grand jury was not legally convened because the Rankin County judiciary calendar shows that the term of court ended on December 17, 2002, and a new term started on the first Monday in January 2003. Conlee claims that there is no evidence to suggest that a new grand jury convened on December 19, 2002, or that the term of the July grand jury was extended to January 13, 2003.
 

 ¶ 6. “Once a grand jury is impaneled, it continues to serve during each successive term of court until a subsequent grand jury is impaneled.”
 
 Gray v. State,
 
 819 So.2d 542, 546(1121) (Miss.Ct.App. 2001). The supreme court held that:
 

 A grand jury may be impanelled at a regular term of court, and it may be recalled at any time before the next criminal term of court in term time or in vacation, but when a new criminal court is convened, a new grand jury must be impanelled. The old grand jury may, however, report indictments obtained in vacation when it makes its final report for final discharge, but, the old grand jury cannot hear evidence and obtain indictments at the second term of the criminal court.
 

 Ingram v. State,
 
 330 So.2d 602, 604 (Miss. 1976). “[Ojnce empaneled or recalled, a grand jury is in session for the duration of the term or until discharged.”
 
 Oates v. State,
 
 421 So.2d 1025, 1028 (Miss.1982). The record does not indicate that the circuit court had discharged the July 2002 term grand jury from its duties before it was recalled on December 19, 2002. Con-lee provided no evidence to prove that a new criminal court had convened, which would trigger the empanelling of a new grand jury. Thus, this argument is without merit.
 

 ¶ 7. Alternatively, Conlee contends that if the grand jury was legally convened, the indictment was void because the affidavit of the grand jury foreman was neither signed nor filed until January 13, 2003, after the grand jury had adjourned. According to Rule 7.06 of the Uniform Rules of Circuit and County Court, an indictment shall include the following:
 

 1. The name of the accused;
 

 2. The date on which the indictment was filed in court;
 

 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
 

 4. The county and judicial district in which the indictment was brought;
 

 5. The date and, if applicable, the time at which the offense was alleged to have been committed ... ;
 

 6. The signature of the foreman of the grand jury issuing it; and
 

 7. The words “against the peace and dignity of the state.”
 

 Conlee’s indictment met these requirements. Pursuant to Mississippi Code Annotated section 99-7-9 (Rev.2007), “the endorsement by the foreman, together with the marking, dating, and signing by the clerks shall be legal evidence of the finding and presenting to the court of the indictment.” Conlee argues that his indictment was not endorsed by the foreman of the grand jury and filed by the court’s clerk until January 13, 2003, which was not the same date as the grand jury returned the indictment. According to
 
 Gray v. State,
 
 728 So.2d 36, 70 (¶ 169) (Miss.1998), “[defects on the face of an indictment must be presented by way of demurrer.” “When ‘the formal defect is curable by amendment ... the failure to demur to the indictment in accordance with our statute’ will waive the issue from consideration on appeal.”
 
 Id. See Wilson v. State,
 
 904 So.2d 987, 995(¶ 27) (Miss.2004) (an indict
 
 *539
 
 ment which was not marked filed was procedurally defective and objections, therefore, could not be raised for the first time on appeal).
 

 ¶ 8. There is no indication that Conlee presented this matter to the trial court. Because Conlee failed to object prior to his appeal, his arguments about the timeliness of the grand jury foreman signing the affidavit and the clerk stamping the indictment filed are procedurally barred. Accordingly, we find this issue is without merit.
 

 II. Whether the trial court erred in accepting Conlee’s guilty plea.
 

 ¶ 9. Conlee claims that his guilty plea was not knowingly and voluntarily given because: (1) he was not informed about the minimum and maximum sentence for possession; (2) the earned-time statute changed between the time of his indictment and the time of his guilty plea; (3) the indictment was defective because it failed to list the correct controlled substance and the weight, amount, or dosage of the drug; and (4) he improperly pled guilty to a Schedule II controlled substance instead of Schedule III controlled substance.
 

 A.Minimum and Maximum Sentence
 

 ¶ 10. Conlee asserts that his guilty plea was not voluntary because the trial court failed to inform him of the statutorily required minimum and maximum sentence provided by law for delivery of a controlled substance. The plea transcript in this case is not contained in the record presented to this Court. Because the record is inadequate, it is impossible for this Court to make a determination of whether Conlee was informed of the maximum and minimum penalties associated with his offense. It was Conlee’s responsibility to be sure that the plea transcript was placed before this Court.
 
 See Harwell v. State,
 
 817 So.2d 598, 600(¶ 11) (Miss.Ct.App.2002). “As a general rule, when an appellate record contains no transcript of a plea hearing, this Court must presume that the trial court acted properly.”
 
 Bates v. State,
 
 914 So.2d 297, 299(¶ 7) (Miss.Ct.App.2005) (citing
 
 Ford v. State,
 
 708 So.2d 73, 75(¶9) (Miss.1998)). Therefore, we find that this issue is without merit.
 

 B. Earned-time statute
 

 ¶ 11. Conlee asserts that at the time that he was indicted for the transfer of a controlled substance, Mississippi Code Annotated section 41-29-139 (Rev.2001), allowed him to receive “earned time.” Conlee was sentenced in 2005, but Mississippi Code Annotated section 47 — 7—3(g) (Rev.2004) changed in 2004, making him ineligible for earned time. Conlee alleges that his guilty plea was not voluntary because the trial court failed to inform him of a statutory and administrative change that required him to serve 85% of his sentence and eliminated the possibility of parole that had previously existed.
 

 ¶ 12. As this Court stated in
 
 Robinson v. State,
 
 964 So.2d 609, 613(¶ 16) (Miss.Ct.App.2007) that “[ejarly release and parole are matters of legislative grace and are not consequences of a guilty plea.” Because it is not a consequence of a guilty plea, a trial court is not required to explain it. Because the trial court is not required to explain administrative matters such as early release to the defendant, we find that this issue is without merit.
 

 C. Defective Indictment
 

 ¶ 13. Conlee argues that his guilty plea was involuntary because the indictment was defective. Conlee asserts that the indictment erroneously stated that
 
 *540
 
 he willfully, unlawfully, feloniously, knowingly, and intentionally transferred a quantity of hydrocodone. Conlee claims that he had dihydrocodeinone (Lortab). Conlee also claims that the indictment failed to list the weight, amount, or dosage of the drug.
 

 ¶ 14. “Defects in the indictment that are non-jurisdietional are waive-able by a valid guilty plea.... Furthermore, defects in the indictment that do not go to the merits or elements of a charge are amendable.”
 
 Richardson v. State,
 
 769 So.2d 230, 233(¶ 4) (Miss.Ct.App.2000) (internal citations omitted). The record does not contain a transcript, nor is there any evidence which indicates that prior to entering his guilty plea, Conlee made an objection to the indictment or informed the trial court that he had Lortab or that the weight, amount, or dosage of the drug was not contained in the indictment. However, the record does indicate that Conlee did enter a guilty plea on March 9, 2005; thus, this issue has been waived.
 

 ¶ 15. Notwithstanding this Court’s finding that this issue is waived, Conlee’s argument fails because after our examination of Conlee’s indictment, we find that the indictment meets the requirements contained in Rule 7.06, which are necessary for an indictment to be valid. We have previously listed and discussed those requirements under Rule 7.06 in Issue I. Therefore, Conlee’s claim for a defective indictment lacks merit.
 

 D. Hydrocodone v. Lortab
 

 ¶ 16. Conlee claims that he improperly pled guilty to the transfer of hydrocodone, a Schedule II controlled substance instead of dihydrocodeinone (Lortab), which Conlee alleges is a Schedule III controlled substance. Con-lee is incorrect in his position. According to Mississippi Code Annotated section 41-29-115(A)(l)(x) (Rev.2005), hydroco-done is a Schedule II controlled substance. Hydrocodone is the narcotic component of Lortab.
 
 Rushing v. State,
 
 711 So.2d 450, 452(¶ 5) (Miss.1998). In other words, “Lortab is a pain reliever which contains hydrocodone, thus making it a Schedule II drug.”
 
 Rushing v. State,
 
 911 So.2d 526, 529 n. 4 (Miss.2005). Although Conlee mistakenly believed that Lortab was a Schedule III controlled substance, that does not entitle him to relief. “A mere expectation of a lesser sentence than the sentence imposed will not render a plea unknowing or involuntary.”
 
 Mullins v. State,
 
 859 So.2d 1082, 1084(¶ 7) (Miss.Ct.App.2003). Therefore, this claim is without merit.
 

 III. Whether there is a factual basis to support the charge of transfer of a controlled substance.
 

 ¶ 17. Conlee claims that there is no factual basis for his guilty plea because no drugs were recovered; no drugs were transferred; and no drugs were tested. Conlee asserts that no independent evidence was obtained other than his confession.
 

 ¶ 18. According to Uniform Rule of Circuit and County Court 8.04(A)(3), the trial court must determine that there is a factual basis for a plea before a trial court may accept a plea of guilty. “[T]his Court is not limited to the transcript of the guilty plea hearing, but we are allowed to review the record as a whole.”
 
 Ealey v. State,
 
 967 So.2d 685, 690(¶12) (Miss.Ct.App.2007). In the instant case, because the record does not contain a plea transcript, plea petition, or evidentiary hearing transcript, this Court cannot make a determination of whether a factual basis exists to support the charge against Conlee. “[T]he necessary transcripts are to be made part of the record, and [sic] [Clark] bears the burden of presenting a record which is
 
 *541
 
 sufficient to undergird his assignment of error.”
 
 Harwell,
 
 817 So.2d at 600(¶ 11). Generally, when the record does not contain the necessary transcripts, “this Court must presume that the trial court acted properly.”
 
 Bates v. State,
 
 914 So.2d at 299(¶7). Therefore, we find that there was sufficient factual basis to support Con-lee’s conviction of the transfer of a controlled substance.
 

 CONCLUSION
 

 ¶ 19. We find that the judgment of the trial court to deny Conlee’s motion for post-conviction relief is proper. Therefore, we affirm the judgment of the trial court.
 

 ¶ 20. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.