# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00435-COA

EARL BATES                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

DATE OF JUDGMENT:              03/25/2020
TRIAL JUDGE:                  HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:     PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        EARL BATES (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                              BY: ZAKIA HELEN ANNYCE BUTLER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 06/01/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND SMITH, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Earl Bates appeals the Pike County Circuit Court's dismissal of his motion for post-conviction relief (PCR) as time-barred because it was filed more thirty years after the entry of Bates's guilty plea. Finding Bates has not presented any evidence to overcome the procedural bar, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1990, Bates entered a guilty plea to the charge of carrying a concealed weapon (a revolver) by a felon.[1] *See* Miss. Code Ann. § 97-37-5 (1972). The circuit court sentenced

---

[1] Bates previously pled guilty in 1982 to aggravated assault and was sentenced to eight years in the custody of the Mississippi Department of Corrections.

Bates to one year in the custody of the Mississippi Department of Corrections (MDOC), with the sentence suspended.

¶3.	Bates has filed unsuccessful PCR motions over the last few years challenging his subsequent 1995 convictions for murder and aggravated assault, which this Court found to be procedurally barred. *See Bates v. State*, 271 So. 3d 575, 578 (¶15) (Miss. Ct. App. 2018) (ordering sanctions for frivolous filings "in the amount of one hundred dollars"); *Bates v. State*, 205 So. 3d 1126, 1129 (¶12) (Miss. Ct. App. 2016).

¶4.	On August 14, 2019, Bates filed a PCR motion attacking, for the first time, his 1990 conviction for carrying a concealed weapon by a felon. In the motion, he argued that (1) the prosecution failed to prove a factual basis for the charge; (2) the indictment was insufficient; (3) his sentence was illegal; and (4) his counsel rendered ineffective assistance.[2] Finding Bates's motion "fail[ed] to state a claim for which relief [could] be granted" and was untimely filed,[3] the circuit court dismissed the motion with prejudice. Aggrieved, Bates appeals, arguing that his claims are not procedurally barred because they involve issues of fundamental rights.

¶5.	Before considering Bates's claims of error, however, we must address jurisdiction.

---

[2] Although Bates is no longer serving his 1990 sentence, he is seeking to invalidate the conviction in order to obtain relief from his habitual-offender status for his 1995 convictions. *See Howell v. State*, 283 So. 3d 1100, 1104 (¶16) (Miss. 2019) (holding that "postconviction relief is available to 'any person sentenced by a court of record of the State of Mississippi'" (quoting Miss. Code Ann. § 99-39-5(1) (Rev. 2015))).

[3] *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) (providing that a defendant who has pleaded guilty and seeks relief under the Mississippi Uniform Post-Conviction Collateral Relief Act must file a PCR motion "within three . . . years after entry of the judgment of conviction").

Bates's notice of appeal is not dated except for the circuit clerk's file stamp of April 30, 2020, which is thirty-six days after the circuit court's order was filed on March 25, 2020. Mississippi Rule of Appellate Procedure 4(a) provides that an appeal must be "filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." However, in *Lott v. State*, 115 So. 3d 903, 907 (¶10) (Miss. Ct. App. 2013), this Court noted:

> The prison-mailbox rule states that in pro se post-conviction relief proceedings, the prisoner's motion is considered delivered for filing when the prisoner gives the documents to prison officials for mailing. *Sykes v. State*, 757 So. 2d 997, 1000-01 (¶14) (Miss. 2000). The State bears the burden of proving the prisoner's notice of appeal was untimely filed. *Melton v. State*, 930 So. 2d 452, 455 (¶8) (Miss. Ct. App. 2006).

Bates's certificate of compliance and his application to proceed in forma pauperis were dated April 22, 2020, within the thirty-day deadline for filing the notice of appeal. Furthermore, the State has not challenged Bates's appeal on the basis of jurisdiction. To the extent that Bates's filing may have been untimely, we will exercise our discretion under Mississippi Rule of Appellate Procedure 2(c), suspend the thirty-day requirement, and address Bates's appeal on the merits. *See Small v. State*, 141 So. 3d 61, 65 (¶9) (Miss. Ct. App. 2014).[4]

## STANDARD OF REVIEW

¶6. In reviewing a circuit court's decision to dismiss a PCR motion, "this Court will not disturb th[e] court's factual findings unless they are found to be clearly erroneous." *Morales v. State*, 291 So. 3d 363, 366 (¶10) (Miss. Ct. App. 2019). Questions of law, however, are

---

[4] We also note that Bates had an outstanding motion to compel the trial court's ruling being considered by the Mississippi Supreme Court during this period, which was dismissed as moot on March 30, 2020.

3

reviewed de novo. *Id.* "The burden is on the PCR movant to show he or she is entitled to relief by a preponderance of the evidence." *Smith v. State*, 129 So. 3d 243, 245 (¶5) (Miss. Ct. App. 2013). "We affirm dismissals or denials of PCR motions when the movant fails to demonstrate 'a claim procedurally alive substantially showing the denial of a state or federal right.'" *Id.*

## DISCUSSION

### I. Factual Basis for the Guilty Plea

¶7. Bates claims that the prosecution failed to establish a factual basis to support his guilty plea. This Court has held, "There are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Collins v. State*, 311 So. 3d 1285, 1289 (¶9) (Miss. Ct. App. 2021) (quoting *Tucker v. State*, 294 So. 3d 690, 695 (¶9) (Miss. Ct. App. 2020)). "This Court reviews the entire record to determine whether a factual basis supported the defendant's plea." *Id.*

¶8. As already stated, Bates, the PCR movant, bears the burden to show he "is entitled to relief by a preponderance of the evidence." *Smith*, 129 So. 3d at 245 (¶5). Yet the circuit court noted in its findings that no transcript of the proceedings is available since Bates's guilty plea was entered more than thirty years ago; so "[t]here is nothing in the existing record to substantiate Mr. Bates's claims." In *Conlee v. State*, 23 So. 3d 535, 540 (¶18) (Miss. Ct. App. 2009), this Court addressed a similar situation—there was nothing in the record (no plea petition, transcript, or evidentiary hearing transcript) allowing the Court to

4

"make a determination of whether a factual basis exists to support the charge against Conlee." Noting that "[g]enerally, when the record does not contain the necessary transcripts, 'this Court must presume that the trial court acted properly[,]'" we held "there was [a] sufficient factual basis to support Conlee's conviction of the transfer of a controlled substance." *Id*. at 541 (¶18) (quoting *Bates v. State*, 914 So. 2d 297, 299 (¶7) (Miss. Ct. App. 2005)). In the present case, with no transcript or record documents to substantiate his claim, we likewise presume that the circuit court acted properly and find that a sufficient factual basis was established to support Bates's conviction.

## II.     Defective Indictment

¶9.     Bates claims his indictment is defective because it did not specify the type of gun in his possession, i.e., the serial number or model. Although the circuit court correctly noted that "[a] valid guilty plea 'waives all non-jurisdictional defects in the indictment,'" our Court has further recognized that "a guilty plea does not waive the defendant's right to assert that the indictment fails to charge an essential element of the crime." *Carter v. State*, 204 So. 3d 791, 795 (¶18) (Miss. Ct. App. 2016).

¶10.     To support his claim, Bates cites *Thomas v. State*, 126 So. 3d 877, 879-80 (¶8) (Miss. 2013), in which the Mississippi Supreme Court held that "[t]he type of weapon a felon is alleged to have possessed," which in that case was a knife, "is unquestionably an essential and material element of the crime of being a felon in possession of a prohibited weapon." Therefore, because the "indictment failed to specify which, if any, of the four types of prohibited knives [the defendant] was alleged to have possessed," the supreme court

5

dismissed the indictment and reversed the conviction on that count. *Id.*

¶11. However, in *Jones v. State*, 203 So. 3d 657, 659-60 (¶¶9-13) (Miss. Ct. App. 2016), this Court addressed the precise argument presented by Bates here—whether the type of "firearm" must be specified in the indictment. We determined that because section 97-37-5 contemplates "any firearm," "the listing in the indictment of the type of firearm possessed is not an element of the crime." *Id.* at 660 (¶12). Thus, we find no error in the circuit court's determination that "Bates cannot argue that he was not properly notified of the nature and cause of the charge against him."

### III.     Illegal Sentence

¶12. Bates contends that his one-year suspended sentence was unlawful under Mississippi Code Annotated section 47-7-33 (Supp. 1986), which provided:

> Any circuit court or county court . . . shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed *or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof*, to suspend the imposition or execution of sentence, and place the defendant on probation[.]

(Emphasis added). Bates asserts that his prior 1982 felony conviction for aggravated assault made him ineligible for the suspended sentence imposed by the circuit court. "The right to be free from an illegal sentence is a fundamental right that has been found to survive PCR procedural bars." *Hays v. State*, 282 So. 3d 714, 719 (¶17) (Miss. Ct. App. 2019). Yet, "there must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id.* (quoting *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011)).

6

¶13. Ruling on this issue, the circuit court found, "The only limitation the statute places on the [c]ourt's power to suspend a sentence is in a crime where a death sentence or life imprisonment is the maximum penalty, or after any defendant has begun to serve the sentence." The court was evidently relying on the statute's revised language, which in 2014 eliminated the pertinent provision "where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof." 2014 Miss. Laws ch. 457, §10 (H.B. 585). This omitted language reflects the supreme court's holding in *Johnson v. State*, 925 So. 2d 86, 103 (¶32) (Miss. 2006), which reasoned:

> For purposes of clarity, consistency and cohesion, we hold today that the circuit and county courts of this state have the power to suspend, in whole or in part, a convicted felon's sentence under Miss[issippi] Code Ann[otated] [section] 47-7-33 inasmuch as this Court and the legislature have empowered them to do so under Miss[issippi] Code Ann[otated] [section] 47-7-34, and to the extent that the practice has been historically ingrained in our criminal courts' sentencing practice.

In its ruling, the supreme court specifically sought to return "sentencing discretion" to the trial courts and eliminate "the statutory windfall[,] which temporarily existed in Section 47-7-33 that allowed for felons to characterize what in effect was a more lenient sentence, as being somehow an 'illegal' sentence." *Id*. at 102 (¶31).

¶14. Nevertheless, because Bates pled guilty and was sentenced in 1990, we must apply the language of the statute at that time, not the more recent version. Subsection (2) of section 97-37-5 provides, "Any person violating this section shall be guilty of a felony and, upon conviction thereof, shall be fined not more than Five Thousand Dollars . . . , or committed

7

to the custody of the State Department of Corrections for not less than one (1) year nor more than ten (10) years, or both." Bates was sentenced to one year in MDOC's custody, which the court suspended. Therefore, we agree that under the prior version of section 47-7-33, the suspension of his sentence was not legal.

¶15. In *Jefferson v. State*, 958 So. 2d 1276, 1278 (¶7) (Miss. Ct. App. 2007), our Court addressed a similar claim by a PCR movant—arguing that "because of prior felonies on his record . . . the trial judge was without authority to suspend any portion of [the defendant's] sentence and was without authority to place him under house arrest in lieu of being placed in the custody of MDOC." We held that "even assuming" Jefferson's sentence was illegal, "because [he] benefitted from the allegedly illegal sentence imposed by the trial court, . . . any error committed by the trial court in imposing such illegal sentence [was] harmless." *Id*. at 1279 (¶¶10-11); *see also Williams v. State*, 4 So. 3d 388, 393 (¶18) (Miss. Ct. App. 2009) ("It is well settled in Mississippi that when a defendant is given an illegal sentence that is more favorable than what the legal sentence would have been, he is not later entitled to relief through a [PCR] action."); *Cook v. State*, 910 So. 2d 745, 747 (¶10) (Miss. Ct. App. 2005) (holding "that an individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statute, and then use the more lenient sentence as a sword to attack the entire sentence as illegal"). Because Bates's sentence was more lenient than what his legal sentence would have been, we find any error by the circuit court in suspending his sentence was harmless.

## IV. Ineffective Assistance of Counsel

8

¶16. Bates claims that his defense counsel rendered ineffective assistance by failing to object to "the [S]tate's prosecuting without a factual basis being proven[,] . . . the void indictment[,]" and the trial court's illegal sentence. Having determined that these underlying assignments of error are without merit, we cannot find counsel's performance to be ineffective on these grounds. *See Goff v. State*, 14 So. 3d 625, 656 (¶128) (Miss. 2009) (refusing to find ineffective assistance "where a defendant's underlying claim is without merit).

## CONCLUSION

¶17. Accordingly, because Bates's PCR motion was filed thirty years after his guilty plea, and he has failed to demonstrate any exception to the procedural bar, we affirm the court's dismissal of his motion with prejudice.

¶18. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**